**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4131**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

JEFFREY KEITH HARPER, a/k/a Jay,

                Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:07-cr-00049-JPB-DJJ-4)

Submitted: January 30, 2009      Decided: February 10, 2009

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Matthew A. Victor, VICTOR, VICTOR & HELGOE, LLP, Charleston, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Keith Harper pled guilty, pursuant to a written plea agreement, to aiding and abetting the distribution of crack cocaine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 18 U.S.C. § 2 (2006), and was sentenced to 151 months imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Although informed of his right to file a supplemental pro se brief, Harper has not done so. The Government has moved to dismiss the appeal based on a waiver provision in Harper's plea agreement. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant at his Fed. R. Crim. P. 11 proceeding regarding the waiver of his right to appeal, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). Whether a defendant validly waives his right to appeal is a question of law that we review de novo. Blick, 408 F.3d at 168.

After reviewing the record, we conclude that Harper knowingly and voluntarily waived his right to appeal his

sentence, retaining only his right to appeal a sentence beyond the statutory maximum of twenty years. Harper was sentenced to less than the statutory maximum and, therefore, he retained no appellate rights with respect to his sentence. Accordingly, we grant, in part, the Government's motion to dismiss and dismiss Harper's appeal to the extent that it seeks appellate review of his sentence.

The express terms of the waiver provision, however, do not prevent our review of any errors in Harper's conviction. After reviewing the entire record in accordance with Anders, we conclude that there are no issues not covered by the waiver that are meritorious. We note in particular that the district court complied with the mandates of Rule 11 in accepting Harper's guilty plea. Thus, we deny, in part, the Government's motion to dismiss and affirm Harper's conviction.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on his client. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
